UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>   v.<br><br>$120,213.00 in U.S. Currency;<br>$105,281.00 in U.S. Currency;<br>$24,908.40 in funds seized from BMO Harris Bank account no.\*\*\*\*\*\*2459;<br><br>          Defendants. | )<br>)<br>)<br>)<br>)   2:19-cv-00008<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT IN REM

Plaintiff, United States of America, by its attorneys, Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, and Orest Szewciw, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) the defendant property for violations of 18 U.S.C. §§ 1343.

### THE DEFENDANT(S) IN REM

2. Defendant $120,213.00 in U.S. Currency was seized on July 20, 2018, from the residence of Mehulkumar Soni in Schererville, Indiana. Defendant $105,281.00 in U.S. Currency was seized from the Liquor Stop in Highland, Indiana on July 20, 2018. Defendant $24,908.40 in funds was seized on July 20, 2018, from the account of Swayam Wine & Spirits, Inc., account no. \*\*\*\*\*\*2459 at BMO Harris Bank. All defendant property is presently in the custody of the United States Secret Service, Chicago,

Illinois.

## JURISDICTION AND VENUE

3. Plaintiff brings this action <u>in rem</u> in its own right to forfeit and condemn the defendant currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant currency under 28 U.S.C. § 1355(b).

5. Venue is proper in this district pursuant to pursuant to 28 U.S.C. §1395(b), because the defendant currency was found within this district.

## BASIS FOR FORFEITURE

### *Summary of the Scheme*

6. Commencing sometime prior to October 2017, and continuing through at least July 2018, Mehulkumar Soni ("Soni") and Silken Patel ("Silken") and others devised a scheme to defraud or to obtain money by false or fraudulent pretenses. Specifically, Soni and Silken, through their Indiana liquor store known as the Liquor Stop, purchased large quantities of liquor from Indiana liquor distributors which they sold to numerous Illinois retail liquor stores for subsequent retail sale thereby depriving the State of Illinois of excise and sales taxes to which it was entitled. By selling liquor purchased without payment of excise taxes in Illinois, the Illinois liquor-store owners, including Soni and Silken, increased their profits. In furtherance of the scheme to defraud or obtain money by false pretenses, Silken and Soni used or caused the use of interstate wire communications.

### *Excise Taxes on Liquor*

7. An excise tax is a tax placed on a commodity, such as liquor, tobacco or cigarettes.

2

The Illinois Liquor Control Act of 1934 ("Liquor Control Act"), 235 ILCS 5/1 *et seq.* imposes an excise tax on businesses that are manufacturers or importing distributors of liquor. An importing distributor is any person other than a non-resident dealer licensed under the Liquor Control Act who imports into Illinois, whether for himself or for another, any alcoholic liquors for sale or resale. Manufacturers and distributors typically include the excise tax imposed on the liquor they sell in the price they sell the liquor for to the owner of a retail liquor store. The retail liquor store typically passes the excise tax on to their customers by including it in the price they charge their customers.

8. In Illinois, Cook County and Chicago, excise taxes on liquor are higher than surrounding areas. In Illinois, the state, counties and cities may all impose excise taxes on liquor. In Indiana, the state excise tax on liquor is much lower than in Illinois. In Indiana, no additional liquor excise taxes are imposed at the county or city level. The following chart shows the excise taxes on liquor per gallon in Illinois and Indiana:

|  | Beer | Wine | Liquor |
|---|---|---|---|
| Illinois excise tax rate | $0.231 | $1.390 | $8.550 |
| Cook County excise tax rate | $0.090 | $0.240 | $2.500 |
| **Total excise tax rate in Cook County** | **$0.321** | **$1.630** | **$11.050** |
| City of Chicago excise tax rate | $0.290 | $0.890 | $2.680 |
| **Total excise tax rate in Chicago** | **$0.611** | **$2.520** | **$13.730** |
|  |  |  |  |
| **Total excise tax rate in Indiana** | 0.115 | $0.470 | $2.680 |

9. The $2.68 per gallon Indiana tax rate on hard liquor is $8.37 per gallon less than the tax in Cook County, and $11.05 per gallon less than in Chicago. If a liquor-store owner in Cook County and Chicago avoids paying the excise taxes imposed by the state, county and city, the cost of his products are less than that of his competitors in the same area. With reduced purchase costs, an Illinois liquor-store owner can make a greater profit when selling at prices comparable to his competitors. Alternatively, if an Illinois liquor-store-owner does not pay the Illinois excise tax, the liquor-store owner can offer a much lower retail price of products to increase sales volume and still make a profit while effectively undercutting the price charged by other liquor stores in the area.

10. Under Illinois law, the Illinois Liquor Control Commission ("Liquor Control") issues licenses to liquor distributors and retail liquor stores. Illinois law requires all Illinois liquor-stores to purchase liquor from distributors licensed by Liquor Control. It is illegal for an Illinois liquor store to sell liquor purchased from anyone other than an Illinois licensed distributor or manufacturer.

11. Every month all licensed distributors must submit to Liquor Control the dollar amount of liquor sold to each Illinois liquor store. Liquor Control makes this information available to employees of the Illinois Department of Revenue. Liquor distributors located outside of Illinois are not licensed by Liquor Control, and therefore do not report their sales to Liquor Control.

12. When filing their sales tax returns all Illinois retail liquor store owners must report the total amount of all liquor purchased and the total amount of all liquor sold at retail. The vast majority of Illinois liquor retailers file sales tax returns monthly.

13. The practice of purchasing liquor from an out-of-state unlicensed source is referred to as "bootlegging." An Illinois liquor-store owner engages in a bootlegging scheme when he purchases non-Illinois taxed liquor outside of Illinois, transports the liquor to his Illinois store and sells that liquor at retail in Illinois. In a bootlegging scheme, the person selling the non-Illinois taxed liquor to the Illinois liquor-store owner is acting as an unlicensed distributor and is depriving the State of Illinois of excise tax revenue.

14. The Illinois Retailers' Occupation Tax Act, 35 ILCS 120/1 et seq., imposes a tax on a person engaged in the business of selling tangible personal property at retail which includes persons who sell liquor at retail. The tax due from the retailer is based on a percentage of gross receipts and is commonly referred to as the sales tax. Unlike the liquor excise tax which is passed on to purchasers as part of the sale price, retailers typically pass the cost of this tax on to their customers as a separately stated "sales tax."

15. In Illinois, municipalities and counties are allowed to impose their own sales tax which is in addition to the state sales tax. In Chicago, the combined sales tax rate is 10.25%.

16. When the Illinois liquor-store owner purchases liquor outside of Illinois and sells it at retail in Illinois, he is aiding and abetting the scheme to defraud the State of excise tax and, if he does not report the retail sale of that liquor on his state tax return, he also deprives the State of sales tax.

*Manner and Means of the Scheme*

17. The Liquor Stop is a retail liquor store located at 9218 Indianapolis Blvd, Highland, Indiana. Innovative Spirits Inc. and Swayam Wine & Spirits Inc. are Indiana corporations both doing business as the Liquor Stop located at 9218 Indianapolis Blvd, Highland, Indiana. Both corporations list their address as 9218 Indianapolis Blvd, Highland, Indiana. Mehulkumar Soni is listed as the registered agent of Innovative Spirits Inc. Rushikesh Patel is listed as the President,

5

incorporator and resident agent of Swayam Wine & Spirits, Inc. Silken Patel is the brother-in-law of Rushikesh Patel. Silken Patel and Mehulkumar Soni operate the Liquor Stop in Highland, Indiana, and are believed to be its owners.

18. Soni and Silken, through Liquor Stop, purchased substantial quantities of liquor from three different Indiana liquor distributors and had it delivered to Liquor Stop in Highland, Indiana. From October, 2017 through July 20, 2018, law enforcement agents observed Liquor Stop receive deliveries of alcohol on a weekly to bi-weekly basis. Agents observed trucks, including trucks pulling semi-trailers from Indiana distributors, delivering hundreds to thousands of cases of liquor to the door at the back of the Liquor Stop location. The Liquor Stop, on average, ordered approximately one hundred and fifty (150) or two hundred (200) cases weekly from Republic National Distributing Company ("RNDC"), an Indiana liquor distributor.

19. A small portion of the liquor purchased through Liquor Stop remained at the store for retail sale; the rest was sold for cash to numerous liquor stores in Cook County, Illinois, including Santori's Liquors in Lansing Illinois, Rinky's Bar and Café in Dolton, Illinois, and Top-Less Liquors in Chicago, Illinois.

20. Silken Patel, his family, close family associates and Soni, individually or jointly, are the true owners of the following Illinois liquor stores: Santori's Liquors, in Lansing, Illinois; Rinky's Bar and Café, in Dolton, Illinois; Top-Less Liquors, Chicago, Illinois.

21. Liquor Stop received deliveries of beer in the front of the store, but liquor was delivered to the back of the store. Distributors would deliver liquor to the rear of the store and employees of Liquor Stop would bring the liquor from the distributor drop off through the rear door. Liquor deliveries from distributors such as RNDC to Liquor Stop would not remain at Liquor Stop to be sold, but rather were being used to supply numerous Illinois retail liquor stores. During June of 2018, almost every day of that month, cars with Illinois license plates

were parked by the rear door of Liquor Stop and employees of Liquor Stop would load boxes of liquor into those vehicles. Agents observed vehicles load up liquor from Liquor Stop, drive to liquor stores in Illinois and unload the liquor at those stores.

22. In violation of Illinois law, the Illinois liquor-store owners purchased liquor from Liquor Stop for resale at their respective stores. The liquor purchased by the Illinois liquor stores and then sold at retail deprived the State of Illinois, Cook County and the City of Chicago (for those stores located in Chicago) of excise taxes and sales taxes.

23. The Illinois liquor-store owners paid cash for the liquor they purchased from Liquor Stop. The cash proceeds were deposited into personal and business checking accounts in the name of Soni and Liquor Stop. The Liquor Stop bank accounts were used to purchase liquor from Indiana distributors, including RNDC by means of a check.

24. The primary bank account used to purchase liquor from Indiana distributors was an account in the name of Swayam Wine & Spirits, Inc., account no. ******2459 at BMO Harris Bank. For the five (5) month period from November 2017 through March 2018, over $3,000,000.00 was deposited into the account. Eighty-five percent (85%) of the deposits were cash deposits.

*Overt Acts in Furtherance of the Scheme*

25. Employees or associates of the Illinois liquor stores identified in paragraph 19 above would drive to Liquor Stop in Highland, Indiana, to pick-up cases of liquor for resale at their stores.

26. Liquor Stop employees would deliver liquor to Illinois liquor retailers for free if the retailer orders over fifty (50) cases of alcohol. A Liquor Stop van was used to make the deliveries to the Illinois stores. Prior to the transfer of the liquor to the Illinois liquor stores, an

employee of Liquor Stop removed the Indiana distributor's label from the cardboard boxes containing the liquor in an attempt to hide from Illinois authorities that it came from an Indiana distributor.

27. Payment for the liquor purchased from Liquor Stop was made in cash. Illinois liquor store employees and or owners would carry cash to Liquor Stop in black plastic bags, make payment in the front of the store and then drive around to the back of the store and load up the boxes of liquor.

28. Soni, Silken and Silken's family members and close family associates would place the cash from the bootleg sales into black plastic bags, place them in their vehicle and drive to their residence or to the bank.

*Interstate Wire Communications*

29. In furtherance of the scheme to defraud or to obtain money by false pretenses, the Patels used or caused to be used interstate wire communications in the following manner:

   a. Telephone calls were made from the Illinois liquor stores to Liquor Stop in Highland, Indiana to place orders for cases of liquor.

   b. Checks drawn off the account of Swayan Wine & Spirits, Inc. d/b/a Liquor Stop, from BMO Harris Bank Account No. ****2459, and wire transfers from the same accounts payable to Liquor Stop's main distributors for payment of liquor purchases were processed electronically through interstate wire communications.

*Defendant Property*

30. Defendant $120,213.00 in U.S. Currency seized from the Mehulkumar Soni at his residence in Schererville, Indiana on July 20, 2018. Mehulkumar Soni regularly transported cash from the sale of bootleg liquor to his Schererville residence.

31. Defendant $105,281.00 in U.S. Currency seized from Liquor Stop in Highland,

Indiana, on July 20, 2018. Cash payments were regularly made by Illinois liquor stores at Liquor Stop for bootleg liquor.

32. Defendant $24,908.40 seized from BMO Harris account no.\*\*\*\*\*\*2459. The account is in the name of Swayam Wine & Spirits, Inc. Cash from bootleg sales of liquor as described above was deposited into this account and payments from the account were made to Indiana liquor distributors.

33. Defendant property constitutes or derives from proceeds traceable to violations of 18 U.S.C. § 1343.

WHEREFORE, the plaintiff requests that the defendant property be forfeited and condemned to the United States of America; that Warrant of Arrest In Rem be issued for defendant property; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this court deems proper and just.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By: /s/ Orest Szewciw
Orest Szewciw
Assistant U.S. Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Tel: (219)937-5500
Fax: 219-852-2770
email:orest.szewciw@usdoj.gov

## VERIFICATION

I, Andrew Neimes, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Secret Service (USSS); that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge.

The sources of my knowledge and information are the official files and records of USSS, along with information supplied to me by other law enforcement officers, as well as my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated: 1/8/2019

Andrew Neimes
Special Agent, USSS

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| | | | | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>$120,213.00 in U.S. Currency; )<br>$105,281.00 in U.S. Currency; )<br>$24,908.40 in funds seized from BMO )<br>Harris Bank account no. ******2459; )<br>)<br>Defendants. ) | Cause No. 2:19-cv-00008 |

**WARRANT FOR ARREST IN REM**

TO:   THE UNITED STATES MARSHAL FOR THE NORTHERN DISTRICT OF INDIANA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

　　　WHEREAS, on  January 8, 2019, the United States of America filed a verified complaint for civil forfeiture in the United States District Court for the Northern District of Indiana against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for reasons mentioned in the complaint;

　　　NOW THEREFORE, you are hereby commanded to arrest and take into your possession the above-named defendant property and to use whatever means appropriate to protect and maintain it in your custody until further order of the Court.

　　　YOU ARE FURTHER COMMANDED to provide notice of this action to any person thought to have a potential interest in or claim against the defendant property by serving upon such person or to the attorney representing the potential claimant with respect to the seizure of the property, a copy of this warrant of arrest in rem and the verified complaint, in a manner consistent with the principles of service of process of an action in

rem under the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure.

This warrant provides notice that in order to avoid civil forfeiture of the property, any person claiming an interest in, or right against, the property must file a claim in the court where the action is pending, pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by *the claimant* under penalty of perjury, and be served on the government attorney handling the case. A claimant must file a claim no later than 35 days after the date the notice is sent or, as applicable, no later than 30 days after the date of final publication of the notice of civil forfeiture. In addition, any person having filed such a claim shall also file an answer or motion to the complaint no later than 20 days after the filing of the claim.

All claims and answers or motions for the defendant property must be filed with the Office of the Clerk, United States District Court for the Northern District of Indiana, 5400 Federal Plaza, Hammond, Indiana 46320, and a copy of the claim and answer or motion sent to Assistant United Sates Attorney Orest Szewciw, United States Attorney's Office, 5400 Federal Plaza, Suite 1500, Hammond, Indiana 46320.

Additional procedures and regulations regarding this forfeiture action are found at 19 U.S.C. §§1602-1621.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Dated: _____              Robert N. Trgovich
                                    Clerk of the Court


                              By:   _____
                                    Deputy Clerk